FILED
IN OPEN COURT

AUG 22 2011

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 1:11CR400 |
| ) | |
| BRIAN DAVID KAITZ, ) | |
| ) | The Honorable Claude M. Hilton |
| Defendant. ) | |

## STATEMENT OF FACTS

Were this matter to go to trial, the United States of America would prove the following facts beyond a reasonable doubt with admissible and credible evidence:

1. From in and around February 2010 through in and around September 2010 in the Eastern District of Virginia and elsewhere, the defendant, BRIAN DAVID KAITZ, did unlawfully, knowingly, and intentionally conspire with others known and unknown to unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of 3, 4 Methylenedioxymethamphetamine, commonly known as MDMA or ecstasy, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2. During the course and in furtherance of the conspiracy, the defendant traveled from the Eastern District of Virginia to California to obtain MDMA pills from his source of supply. The defendant then mailed thousands of MDMA pills back to customers in the Eastern District of Virginia for further redistribution. In total, the defendant was personally involved in the distribution of, or it was reasonably foreseeable to the defendant that his co-conspirators distributed, 12,398 MDMA pills.

3. On or about February 12, 2010, the defendant met with a co-conspirator, Marko

Avramovic, and an undercover officer at a location within the Eastern District of Virginia to negotiate a future sale of MDMA pills to the undercover officer. The defendant informed the undercover officer that he distributed MDMA, that his source of supply was located in California, and that his source of supply would either ship the MDMA pills to the undercover officer or would travel to the Eastern District of Virginia via train with the MDMA pills.

    4.    On or about May 17, 2010, the defendant and Avramovic met with the undercover officer within the Eastern District of Virginia. During the course of this meeting, the undercover officer paid the defendant to purchase 1,000 MDMA pills for the undercover officer and provided the defendant with a mailing address to which the MDMA pills could be shipped. The defendant stated that he would travel to California to obtain the MDMA pills from his supplier on May 20, 2010 and would return on May 24, 2010. The defendant further stated that he would ship the MDMA pills to the address provided by the undercover officer. On or about May 22, 2010, the defendant sent the undercover officer a text message with the UPS tracking number for the package the defendant shipped to the undercover officer containing MDMA pills. On or about May 24, 2010, the package shipped by the defendant arrived at the mailing address provided by the undercover officer. The package contained 991 MDMA pills hidden within a hollow candle.

    5.    On or about June 8, 2010, the defendant and Avramovic met with the undercover officer within the Eastern District of Virginia. During the course of this meeting, the undercover officer paid the defendant to purchase 1,000 MDMA pills for the undercover officer. The defendant stated that he would travel to California to obtain the MDMA pills from his supplier and that he would ship the MDMA pills to the undercover officer in the same way in which he had done in May 2010.

6. From on or about June 8, 2010 through the end of June 2010, the defendant and the undercover officer communicated via telephone and text message. During the course of these conversations, the defendant agreed to ship the undercover officer an additional 800 MDMA pills.

7. On or about July 18, 2010, the defendant sent a text message to the undercover officer with the UPS tracking number for the package the defendant shipped to the undercover officer containing MDMA pills. The defendant also sent a text message stating that there were 1,812 MDMA pills in the package and that the extra 12 MDMA pills were for the undercover officer's birthday. On July 20, 2010, the package shipped by the defendant arrived at the mailing address provided by the undercover officer. The package contained 1,407 MDMA pills hidden within a hollow candle and a red dog chew toy.

8. In and around August 2010, the defendant agreed to sell the undercover officer 10,000 MDMA pills in exchange for $37,500, in a transaction brokered by Avramovic. The defendant informed the undercover officer that he would obtain the 10,000 MDMA pills from his source of supply in California. On August 31, 2010, the undercover officer met with Avramovic at a location within the Eastern District of Virginia. During the course of this meeting, the undercover officer provided Avramovic with $37,500 for the defendant to purchase the 10,000 MDMA pills for the undercover officer. Avramovic also informed the undercover officer that the defendant had already placed an order with his source of supply in California for the 10,000 MDMA. Avramovic kept $2,500 of the undercover officer's $37,500 as payment for brokering the deal.

9. In and around October 2010, the defendant informed the undercover officer that the 10,000 MDMA pills from his source of supply had been seized by law enforcement and that additional MDMA pills from his source of supply would arrive soon.

10. The acts taken by the defendant in furtherance of the offense charged in this case, including the acts described above, were done wilfully and knowingly with the specific *intent to violate the law*. The defendant acknowledges that the foregoing Statement of Facts does not describe all of the defendant's conduct relating to the offense charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities. The defendant further acknowledges that he is obligated under this plea agreement to provide additional information about this case beyond that which is described in this Statement of Facts.

11. The Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that the defendant may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the Statement of Facts in any such proceeding.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: *Kara Martin Traster* (signature)
Kara Martin Traster
Special Assistant United States Attorney

4

## Defendant's Stipulation and Signature

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

BRIAN DAVID KAITZ
Defendant

## Defense Counsel's Signature

I am the attorney for BRIAN DAVID KAITZ. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is informed and voluntary.

William B. Reichhardt
Amanda Defede
Counsel for the Defendant