IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA          )
                                  )
         v.                       )          Criminal No: 1:11CR400
                                  )
BRIAN DAVID KAITZ,                )          The Honorable Claude M. Hilton
                                  )
         Defendant.               )

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Neil H. MacBride, United States

Attorney, and Kara Martin Traster, Special Assistant United States Attorney, and in accord with 18

U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual*, files this

Position of the United States with Respect to Sentencing in the instant case.  The United States has

no objection to the Presentence Report.  The United States moves for a one level reduction of the

defendant's Sentencing Guidelines level pursuant to U.S.S.G § 3E1.1(b) in recognition of the

defendant's timely guilty plea and his acceptance of responsibility.  For the reasons set forth below,

a sentence at the low end of the properly calculated Sentencing Guideline range of 70 to 87 months

is sufficient, but not greater than necessary, and appropriately accounts for the factors set forth in

18 U.S.C. § 3553(a).

**I.       OFFENSE OF CONVICTION AND GUIDELINE RANGE**

On August 22, 2011, the defendant pleaded guilty, pursuant to a plea agreement, to a one-

count criminal information charging him with conspiracy to distribute MDMA, commonly known

as Ecstasy, in violation of Title 21, United States Code, Sections 841 and 846.  The maximum

penalties for this offense are a maximum term of twenty (20) years of imprisonment, a fine of

$1,000,000, full restitution, a special assessment, and at least three (3) years of supervised release.

The defendant participated in a MDMA distribution network that involved the transportation of MDMA from California to the Eastern District of Virginia for further distribution. The Plea Agreement signed by the defendant contained a stipulation attributing to the defendant 3,094.2 grams of MDMA, equivalent to between 1,000 and 3,000 kilograms of marijuana. This quantity of marijuana corresponds to a base offense level of 32 under the Sentencing Guidelines. The defendant's offense level is decreased by three (3) levels for his acceptance of responsibility. The defendant's offense level is further decreased by two (2) levels for qualifying for the Safety Valve, under Section 2D1.1(b)(11) of the Sentencing Guidelines, resulting in a total offense level of 27. The defendant is in Criminal History Category I. Accordingly, the defendant's Sentencing Guideline range is 70 to 87 months.

## II.   SENTENCING STANDARDS

Although the Supreme Court rendered the Sentencing Guidelines advisory in United States v. Booker, 543 U.S. 220 (2005), "a sentencing court is still required to 'consult [the] Guidelines and take them into account when sentencing.'" United States v. Clark, 434 F.3d 684, 685 (4th Cir. 2006) (quoting Booker, 543 U.S. at 264). The Supreme Court has directed that district courts "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Gall v. United States, 128 S. Ct. 586, 597 (2007). The "Guidelines should be the starting point and the initial benchmark," but the sentencing court must also "consider all of the § 3553(a) factors" in determining the appropriate sentence. Id.; see Clark, 434 F.3d at 685. Ultimately, the sentence imposed must meet a standard of reasonableness. Booker, 543 U.S. at 260-61.

Title 18, United States Code Section 3553(a) provides that the court should consider the nature and circumstances of the offense and the history and characteristics of the defendant. In

addition, the court must consider the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B).   The sentence should also protect the public from further crimes of the defendant and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D).

## III.   ARGUMENT

Applying these sentencing factors, a sentence of 70 months is reasonable and appropriate in the defendant's case.  The defendant's participation in the conspiracy was both extensive and central to the operation.  The defendant located a source of supply in California from whom he could obtain MDMA.  PSR at 5.  The defendant then traveled to California on two separate occasions to purchase MDMA from his supplier and shipped over two thousand MDMA pills to a P.O. Box in the Eastern District of Virginia.  PSR at 6-8.  When shipping the pills, the defendant hid the MDMA pills inside hollowed out candles and inside a dog chew toy to ensure that the true contents of the package were not discovered by UPS.  PSR at 6-8.  The defendant traveled to California on a third occasion, during which time he met with his source of supply and arranged for the source of supply to ship 10,000 MDMA pills back to California in exchange for $21,000.  PSR at 8.  That the shipment of 10,000 MDMA pills did not arrive as scheduled was due, according to the defendant, to a seizure by law enforcement and was not a product of the defendant's actions.  *See* PSR at 9.

The defendant's actions demonstrate that his knowledge and involvement in the conspiracy was extensive and that, without the defendant connecting the California source of supply and Avromovic, these transactions would never have taken place.  Moreover, the defendant intended to make over 12,000 MDMA pills available for drug users in the Eastern District of Virginia.  The

defendant intended to impose the cost of their drug use on society in exchange for his own financial gain. Consequently, a sentence at the low end of the Sentencing Guidelines range is an appropriate punishment based on the seriousness of the defendant's conduct and the need to provide just punishment for the offense.

Furthermore, a sentence within the Guidelines is warranted to deter the defendant and others similarly situated from ignoring the law when it otherwise suits their own interests, as the defendant did in this case. A sentence of 70 months is necessary to ensure that the defendant understands the seriousness of his conduct and that he does not return to brokering drug deals following his sentence. More importantly, a sentence of 70 months is necessary to promote respect for the law and to deter others from distributing MDMA. A sentence at the low end of the guidelines is necessary to demonstrate that, although there is no mandatory minimum prescribed for this controlled substance, the distribution of MDMA is harmful to our community and will not be tolerated.

## IV.   CONCLUSION

For the foregoing reasons, the United States submits that a sentence at the low end of the properly calculated Sentencing Guideline range of 70 to 87 months is sufficient, but not greater than necessary, and accounts for the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Neil H. MacBride
United States Attorney


_____/s/_____
Kara Martin Traster
Virginia Bar Number: 79671
Special Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue

Alexandria, Virginia 22314
Tel: (703) 299-3700
Fax: (703) 299-3981
Email: Kara.M.Traster@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of October 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

William B. Reichardt, Esq.
4020 University Drive
Fairfax, Virginia 22030
(703) 359-6060
WBR@WBRlaw.com

Amanda Defede, Esq.
4020 University Drive
Fairfax, Virginia 22030
(703) 359-6060
AD@WBRlaw.com

Counsel for the Defendant.

_____/s/_____
Kara Martin Traster
Virginia Bar Number: 79671
Special Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3700
Fax: (703) 299-3981
Email: Kara.M.Traster@usdoj.gov